UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

REMOI CAMPBELL,
     Petitioner,

vs.                          Case No.:  4:26-cv-257-TKW-ZCB

M. BRYSON,
     Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner has filed a *pro se* amended petition for a writ of habeas corpus under 28 U.S.C. § 2241.  (Doc. 9).  The habeas petition appears to challenge Petitioner's state conviction in Case No. 16-CF-019024 (Lee Cnty. Cir. Ct.).  (Doc. 9 at 2).  Petitioner is currently confined in the Florida State Prison, which is located in Bradford County.  (*Id.* at 1, 7).  For the reasons below, this case should be dismissed because it does not state a legal or factual basis for habeas relief.

### I.    Background

Petitioner claims his petition concerns, *inter alia*, "the conspiracy theory about space." (Doc. 9 at 2).  Petitioner describes being barred from criminal and civil proceedings as a result of his conviction.  (*Id.*).  Petitioner alleges that the Middle District of Florida and the Eleventh

1

Circuit have denied his appeals and that he is "done!" (*Id.*). Petitioner believes he is "a hero" and references filing various writs in three different cases. (*Id.* at 3).

According to Petitioner, the Middle District's receipt of papers from the Eleventh Circuit "served as a mandate to govern further proceedings and CMECF is brilliant." (*Id.*). Petitioner states that the Middle District "is compelled to release" him and that a judge in the Middle District "is the evil here." (*Id.* at 4). Petitioner claims he is using his "FBI name now" and that his story "is just the same like Jesus." (*Id.*). Petitioner says "there is no further requirement to litigate" in his "birth name because it is clear that [he is] a new agent." (*Id.*). Petitioner references someone named "Jessica" and claims he is "coming to America." (*Id.*). Petitioner states that his social security number is redacted and he "got credit cards without a background check." (*Id.* at 4-5). Petitioner apparently shares a social security number with his mom, brother, and grandmother as part of a family-owned company. *(Id.* at 5). Petitioner claims he stole his grandmother's identity and got arrested as her. (*Id.*). Petitioner claims the "law demands [his] immediate release from prison." (*Id.* at 6).

## II.    Discussion

**Petitioner's habeas petition does not state a legal or factual basis for habeas relief.**

Under the Rules Governing § 2254 Cases in the United States District Courts,[1] the Court must promptly examine a habeas petition, and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4, Rules Governing § 2254 Cases.  Rule 4 thus authorizes federal district courts to pre-screen and "dismiss summarily" a frivolous habeas corpus petition prior to any answer or other pleading by the state when the petition "appears legally insufficient on its face[.]"  *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 654 (11th Cir. 2020) (explaining that federal district courts have a duty "to screen out frivolous applications and eliminate the burden that

---

[1] These Rules apply to petitions under 28 U.S.C. § 2241.  *See* Rule 1(b), Rules Governing § 2254 Cases (stating that the "district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)").  Additionally, this Court's Local Rules provide that the "Rules Governing Section 2254 Cases in the United States District Courts, as adopted by the Supreme Court, apply to all habeas corpus petitions in this District whether or not filed under section 2254."  N.D. Fla. Loc. R. 5.7(C).

would be placed on the respondent by ordering an unnecessary answer"). That is what should happen here.

Petitioner's allegations are patently frivolous and nonsensical. Nowhere in the amended petition does Petitioner even attempt to assert a legal or factual basis for federal habeas relief. Petitioner's vague narrative of his frustrations with the judicial system and his references to various non-parties have no apparent relevance to this proceeding. And the amended petition does not even cite to the Constitution or federal law in support of why Petitioner should be granted habeas relief. Instead, Petitioner merely claims that the "law demands [his] immediate release from prison." Simply put, the fanciful allegations in the amended petition are far from sufficient to justify federal habeas relief.

### III.   Conclusion

Because the 28 U.S.C. § 2241 petition does not allege any legal or factual basis for habeas relief, this case should be dismissed.

### IV.   Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant[,]" and if a certificate is issued "the court must state the

specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."[2] Rule 11(a), Rules Governing § 2254 Cases.  Section 2253(c) "permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting § 2253(c)(2)).  "At the COA stage, the only question is whether the applicant has shown that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck v. Davis*, 580 U.S. 100, 115 (2017) (cleaned up).

Here, Petitioner cannot make the requisite showing.  Therefore, the undersigned recommends that the final order in this case deny Petitioner a certificate of appealability.  If Petitioner objects to this recommendation, then he may present argument on the issue by bringing it to the district judge's attention in his objections.

Accordingly, it is respectfully **RECOMMENDED** that:

---

[2] Although Petitioner appears to be a convicted prisoner rather than a pretrial detainee, a certificate of appealability is also required for a pretrial detainee to appeal the dismissal of a federal habeas corpus petition.  *See Hiteshaw v. Butterfield*, 262 F. App'x 162, 163 (11th Cir. 2008).

1.     The amended habeas petition filed under 28 U.S.C. § 2241

(Doc. 9) be **DISMISSED** as frivolous.

2.     A certificate of appealability be **DENIED**.

3.     All pending motions be **DENIED as moot**.

4.     The Clerk of Court be instructed to close this case.

At Pensacola, Florida this 26th day of June 2026.

/s/ *Zachary C. Bolitho*

Zachary C. Bolitho
United States Magistrate Judge

### Notice to the Parties

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.